Michael S. Devereux  (SBN 225240)
9440 SANTA MONICA BLVD, SUITE 301
BEVERLY HILLS, CALIFORNIA  90210
TELEPHONE: (424) 444-0883

Attorneys for Petitioners, IN RE SEIZED COMPUTERS, ELECTRONIC
DEVICES, AND U.S. CURRENCY FROM ELISHA AND CLAYTON SAMPSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEIZED COMPUTERS, ELECTRONIC DEVICES, AND U.S. CURRENCY FROM ELISHA AND CLAYTON SAMPSON,<br><br>PETITIONERS,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>RESPONDENT. | CASE NO.:  2:25-mc-139<br><br>MOTION OF ELISHA SAMPSON AND CLAYTON SAMPSON FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) |

## I.    INTRODUCTION

Elisha and Clayton Sampson respectfully petition the Court under Federal Rule of Criminal Procedure 41(g) for the return of (a) computers and electronic devices seized from their residence pursuant to a search warrant, and (b) at least $1,000 of the approximately $98,700 in U.S. currency seized, as the first $1,000 is outside the warrant's terms regarding "currency in excess of $1,000." The electronic devices are not contraband and are essential to the Sampsons' day-trading work. The government's evidentiary interests can be preserved through

1

forensic imaging without retaining the hardware. Continued retention has imposed and continues to impose undue hardship, impairing their ability to earn a living and threatening housing stability.

### A.  Meet and Confer

The parties met and conferred regarding the instant petition several times starting on September 22, 2025 and continuing into as recent as December 16, 2025. However, the government has refused or failed to return the property. Counsel is informed and believes that the government filed an *ex-parte* to extend the deadline over the petitioners' objection, citing a criminal investigation.

## II.    FACTUAL BACKGROUND

1.  U.S. Immigration and Customs Enforcement executed a search warrant at the Sampsons' residence (11064 Ranch Drive, Rancho Cucamonga, California 91737 "Subject Premises") on or about May 13, 2025, seizing various electronic devices (including multiple laptops, tablets, thumb drives, and storage media) and approximately $98,700 in U.S. currency.

2.  The government stated in the attachment to the search warrant in Items to Be Seized included records and information reflecting communications involving Envy TV, the Clay Code Media Player, myStick, Xplay and Streamology, Inc.

LAW OFFICE OF MICHAEL DEVEREUX

LAW OFFICE OF MICHAEL DEVEREUX

3. On June 18, 2025, US Customs and Border Protection provided Notice of Seizure and Information to Claimants and provided CAFRA form to Elisha Sampson and Clayton Sampson.

4. On July 10, 2025, both Petitioners filed a claim to the property seized including, but not limited to, the computers and the $98,700 in cash.

5. The seized electronic devices include, among other items, multiple Apple and other laptop computers, tablets, thumb drives, and an HP hard drive, which the Sampsons use for lawful employment as day traders and for managing personal affairs.

6. Approximately $98,700 in U.S. currency was seized during the same search. CBP initially issued a seizure notice; after the Sampsons filed CAFRA claims, DOJ took over handling the currency forfeiture timeline.

7. On September 22, 2025, the government requested a stipulation to continue the forfeiture matter until January 12, 2025.

8. Counsel requested the return of the electronic devices; the AUSA handling the criminal investigation stated the devices would not be returned while the investigation is pending.

9. The government responded that the CBP notice erroneously listed the electronic devices and confirmed those devices were seized as evidence pursuant to the warrant.

3

10. Accordingly, government now asserts that it has altered its position and that the seized devices constitute evidence pursuant to the search warrant, rather than property subject to administrative or civil forfeiture—despite the contrary notice it provided on June 18, 2025.

11. As to the currency, the Asset Forfeiture AUSA advised that the funds are subject to administrative and/or civil forfeiture and that the government obtained a sealed order extending the civil complaint deadline to February 6, 2026.

12. The warrant authorized the seizure of "currency in excess of $1,000," and approximately $98,700 was seized. The Sampsons seek the immediate return of at least the first $1,000 as outside the warrant's terms, with the remainder subject to applicable process. The warrant was issued on May 7, 2025, Attachment B, Section 1 states that items to be seized includes:

  f. U.S. currency in excess of $1,000, including the first $1,000 if more than $1,000 is recovered, bearer instruments worth over $l,000 (including cashier's checks and traveler's checks}, and precious stones worth more than $1,000;

13. The continued deprivation of the computers and devices has caused severe hardship by preventing the Sampsons from conducting their day-trading work, threatening their ability to meet basic expenses and risking homelessness.

LAW OFFICE OF MICHAEL DEVEREUX

14. Counsel engaged in meet-and-confer efforts with the government regarding return of the devices and funds, including opposing extensions that would prolong deprivation and proposing accommodations; those efforts did not resolve the issues.

## III.    LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Courts balance the equities, including the movant's possessory interest and need for the property, the government's interest in retention, and whether adequate remedies exist. See *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993).

Here, the Sampsons who use their computers for their daily jobs are behind in payments, including house payments, a home that they owned for years. In addition, they could no longer support their ailing elderly mother. The Sampsons eventually had to borrow off their life insurance, but that appears to be no longer an option.

Accordingly, the Sampsons are (1) plainly aggrieved by the deprivation, Fed.R.Crim.P. Rule 41(g), and (2) likely to suffer irreparable injury if it's not returned. The government has conceded (3) the lack of an adequate remedy at law. The government's evidentiary needs regarding digital media can be satisfied

LAW OFFICE OF MICHAEL DEVEREUX

through forensic imaging. See *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc); *United States v. Gladding,* 775 F.3d 1149, 1152-53 (9th Cir. 2014).

## IV. ARGUMENT

### A. Strong Property Interest and Need

The seized computers and devices are not contraband; they are lawful tools indispensable to the Sampsons' employment. Their deprivation prevents them from working, meeting expenses, and maintaining housing stability. This demonstrates a compelling possessory interest and present need warranting Rule 41(g) relief. *Ramsden*, 2 F.3d at 326.

### B. Government's Interests Can Be Preserved by Imaging; Hardware Should Be Returned

The government's legitimate interest is in the data, which can be preserved through prompt forensic imaging. Once imaged, the government loses nothing by returning the hardware, and any access needs can be addressed by a reasonable protective order. See *Gladding*, 775 F.3d at 1153; *Comprehensive Drug Testing*, 621 F.3d at 1173.

### C. Unreasonable Retention Imposes Undue Hardship

The AUSA stated the devices would not be returned during the pendency of the investigation, resulting in an open-ended deprivation. This has already caused

severe hardship, including loss of income and risk to housing stability. Rule 41(g) exists to prevent unnecessary and inequitable deprivation where the government can preserve evidence by less burdensome means.

### D. The Warrant's Terms Do Not Cover the First $1,000 in Currency

The warrant authorized seizure of "currency in excess of $1,000." The government seized approximately $98,700. The first $1,000 is outside the warrant's terms and must be returned forthwith, regardless of any ongoing civil forfeiture timeline for the balance. The remainder can be handled through the government's chosen forfeiture process, but the initial $1,000 should be immediately released.

///
///
///
///
///
///
///
///
///
///
///
///

1

**V.    REQUESTED RELIEF**

Petitioners respectfully request that the Court:

1.   Order the government, within days, to create forensic images of the
     seized computers and electronic storage devices and to return the
     physical hardware to the Sampsons, subject to an appropriate
     protective order as needed.

2.   Order the immediate return of $1,000 of the seized U.S. currency
     because the warrant authorized seizure only of currency "in excess of
     $1,000," with the remaining funds to be addressed in the government's
     forfeiture proceedings.

3.   Grant such other and further relief as the Court deems just and proper.

Dated: December 25, 2025                    Respectfully Submitted,

                                   By:  *Michael S. Devereux*

                                        Michael S. Devereux
                                        Attorney for Petitioners
                                        Clayton Sampson
                                        Elisa Sampson