UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03621-SSS-SPx | Date | January 6, 2026 |
| Title | *Clayton Sampson et al. v. United States of America* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 25, 2025, Plaintiffs Clayton Sampson and Elisha Sampson filed a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g). [Dkt. No. 1, "Motion"]. Plaintiffs also filed a Civil Cover Sheet associated with this action on January 4, 2026. [Dkt. No. 8].

Federal courts are courts of limited jurisdiction and possess only the power authorized by federal statute and Article III of the United States Constitution. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court cannot consider claims for which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Moreover, Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Based on the Court's review of the docket, there has been no complaint filed with the Court. Without a complaint, Plaintiffs have not properly commenced a suit.

Instead, Plaintiffs appear to invoke this Court's jurisdiction by reference to the Federal Rules of Criminal Procedure. The Federal Rules do not confer jurisdiction; rather, they provide procedural guidelines by which parties must comply. In the Federal Rules of Criminal Procedure, Rule 3 and Rule 4 identify a

complaint as a starting point for criminal proceedings.  *See* Fed. R. Crim. P. 3; Fed. R. Crim. P. 4.  Such a complaint must contain "a written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 3.  Not only does the Motion fail to identify an underlying criminal complaint, but the docket also lacks any reference to any criminal complaint.

Accordingly, the Court **ORDERS** the parties show cause as to how the Court has subject matter jurisdiction over this matter.  Parties are **ORDERED** to file a response **by January 13, 2026, at 12:00 pm**.  The Response should identify whether the Court has subject matter jurisdiction over the Motion, whether a civil or criminal complaint has been filed in any other case, and why the Court should not dismiss this action for lack of compliance with Federal Rule of Civil Procedure 3.

**IT IS SO ORDERED.**