Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 444-0883

Attorneys for Plaintiffs, ELISHA SAMPSON AND CLAYTON SAMPSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHA SAMPSON AND CLAYTON SAMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.: 5:25-cv-03621-SSS-SP<br><br>COMPLAINT FOR:<br>(1) RETURN OF PROPERTY (FED. R. CRIM. P. 41(g));<br>(2) DECLARATORY AND INJUNCTIVE RELIEF; AND<br>(3) VIOLATION OF FIFTH AMENDMENT DUE PROCESS<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Elisha Sampson and Clayton Sampson allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, and under the Court's equitable jurisdiction to order the return of property; Plaintiffs also seek relief pursuant to Federal Rule of Criminal Procedure 41(g).

2. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal Rules of

1

Civil Procedure 57 and 65 authorize declaratory and injunctive relief in this matter.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and the property at issue was seized and is held here.

**PARTIES**

3. Plaintiffs Elisha Sampson and Clayton Sampson are individuals who reside in California and are the lawful owners and possessors of the seized property described below.

4. Defendant United States of America, through its agencies and agents, including U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and the Department of Justice, seized and continues to retain Plaintiffs' property.

**INTRODUCTION AND ORDER TO SHOW CAUSE CONTEXT**

5. On December 25, 2025, Plaintiffs filed a Motion for Return of Property under Rule 41(g) in this matter; on January 6, 2026, the Court issued an Order to Show Cause stating no complaint had been filed and directing the parties to address subject matter jurisdiction and compliance with Federal Rule of Civil Procedure 3, with a response due January 13, 2026 at 12:00 p.m.

6. This Complaint is filed to commence a civil action, to establish this Court's jurisdiction under federal question and equitable principles, and to provide the operative pleading responsive to the Court's Order to Show Cause.

## FACTUAL ALLEGATIONS

7. On or about May 13, 2025, agents executed a search warrant at Plaintiffs' residence located at 11064 Ranch Drive, Rancho Cucamonga, California 91737, and seized various electronic devices, storage media, and approximately $98,700 in U.S. currency.

8. The warrant attachments identified records and information involving Envy TV, the Clay Code Media Player, myStick, Xplay and Streamology, Inc., among the items to be seized.

9. On June 18, 2025, U.S. Customs and Border Protection issued Notices of Seizure and Information to Claimants and provided CAFRA forms to Plaintiffs.

10. On July 10, 2025, Plaintiffs timely filed claims to the seized property, including the computers and the currency.

11. The seized electronic devices include multiple laptops, tablets, thumb drives, and an HP hard drive used by Plaintiffs for lawful day-trading work and personal affairs.

12. Approximately $98,700 was seized; after CBP issued its seizure notice and Plaintiffs filed CAFRA claims, DOJ took over the forfeiture timeline for the currency.

13. On September 22, 2025, the government requested a stipulation to continue the forfeiture matter until January 12, 2026, and the AUSA handling the criminal investigation stated the devices would not be returned during the investigation.

14. The government confirmed the CBP notice erroneously listed the electronic devices and asserted that those devices were seized as evidence pursuant to the warrant.

15. As to the currency, the Asset Forfeiture AUSA advised that the funds are subject to administrative and/or civil forfeiture and that the government obtained a sealed order extending the civil complaint deadline to February 6, 2026.

16. The warrant authorized seizure of "currency in excess of $1,000"; approximately $98,700 was seized. Plaintiffs seek immediate return of at least the first $1,000 as outside the warrant's terms, with the remainder handled through the applicable process.

17. Continued retention of the computers and devices has caused severe hardship by preventing Plaintiffs from conducting their day-trading work, threatening their ability to meet basic expenses and risking housing instability.

18. The parties met and conferred multiple times beginning September 22, 2025 and as recently as December 16, 2025; those efforts did not resolve the return of devices or funds.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Return of Property – Fed. R. Crim. P. 41(g) (Against United States)**

19. Plaintiffs re-allege paragraphs 1–18.

20. Plaintiffs are aggrieved by the deprivation of property and seek the return of seized electronic devices and currency outside the scope of the warrant; the government's evidentiary interests can be preserved through forensic imaging without retaining the hardware.

21. Plaintiffs have a strong possessory interest and present need for the devices, which are not contraband and are essential to Plaintiffs' employment; continued retention imposes undue hardship.

22. As to currency, the warrant authorized seizure only of currency "in excess of $1,000"; thus, at least the first $1,000 must be returned forthwith.

### SECOND CAUSE OF ACTION

**Declaratory and Injunctive Relief – Equitable and Fifth Amendment Due Process (Against United States)**

23. Plaintiffs re-allege paragraphs 1–22.

24. The government initially issued civil forfeiture notices and received timely claims; thereafter, it altered position to classify electronic devices as evidence while maintaining forfeiture posture on currency and obtaining a sealed extension. Plaintiffs lack adequate post-seizure process regarding continued deprivation of livelihood-essential property.

25. The electronic devices are non-contraband and can be preserved by imaging; continued retention of hardware is unnecessary and inequitable, causing ongoing economic harm and threatening housing stability.

26. Even if the initial seizure were lawful, continued retention is unreasonable and inequitable.

27. Plaintiffs lack an adequate remedy at law, and the balance of equities overwhelmingly favors return of the property subject to reasonable preservation conditions.

28. A declaration and injunction are warranted to prevent continued retention absent lawful process and to require prompt return or imaging-and-return conditions that protect all interests.

///

# THIRD CAUSE OF ACTION

**Fifth Amendment – Procedural Due Process Violation (Against United States)**

29. Plaintiffs re-allege paragraphs 1–28.

30. Indefinite retention of Plaintiffs' property without charges, forfeiture proceedings, or meaningful post-seizure process violates the Due Process Clause of the Fifth Amendment.

31. The deprivation is especially unconstitutional where it destroys Plaintiffs' ability to earn a living and where less restrictive alternatives—such as forensic copying—are available.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court:

a) Declare that Plaintiffs have a superior possessory interest in the seized computers, electronic devices, and storage media, that such items are not contraband, and that the government's continued retention of the hardware is unlawful where evidentiary needs can be satisfied by forensic imaging.

b) Order the government, within 30 days, to complete forensic imaging of the seized electronic devices and storage media and to return the physical hardware to Plaintiffs, subject to an appropriate protective order.

c)  Order the immediate return of $1,000 of the seized U.S. currency because the warrant authorized seizure only of currency "in excess of $1,000," with the remaining funds to be addressed in the government's forfeiture proceedings.

d)  Enjoin the government from continued possession of Plaintiffs' hardware absent lawful forfeiture or criminal process and where less restrictive means (forensic imaging) are available.

e)  Award costs and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

Dated: January 13, 2026

                                                Respectfully Submitted,

                                       By: *Michael S. Devereux*
                                             Michael S. Devereux
                                           Attorney for Petitioners
                                               Clayton Sampson
                                                Elisa Sampson