Michael S. Devereux (SBN 225240)
9440 S~anta~ M~onica~ B~lvd~, S~uite~ 301
B~everly~ H~ills~, C~alifornia~ 90210
T~elephone~: (424) 444-0883

Attorneys for Plaintiffs, ELISHA SAMPSON AND CLAYTON SAMPSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHA SAMPSON AND CLAYTON SAMPSON,<br><br>       Plaintiffs,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | CASE NO.: 5:25-cv-03621-SSS-SP<br><br>PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

## I. INTRODUCTION

Plaintiffs respectfully submit this Response to the Court's January 6, 2026, Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction.

The Court's concern was premised on the absence of a civil complaint at the time Plaintiffs initially sought Rule 41(g) relief. That concern has now been fully cured. On January 12, 2026, Plaintiffs filed a civil complaint commencing this action under Federal Rule of Civil Procedure 3, invoking federal-question

jurisdiction, equitable jurisdiction, and seeking declaratory and injunctive relief in addition to Rule 41(g) return of property .

Accordingly, the Court now plainly has subject matter jurisdiction, and dismissal is neither required nor appropriate.

**II. THE COURT HAS SUBJECT MATTER JURISDICTION**

**A. This Action Properly Arises Under Federal Law (28 U.S.C. § 1331)**

Plaintiffs' complaint asserts claims arising under:

- The Fifth Amendment to the United States Constitution (procedural due process);
- Federal Rule of Criminal Procedure 41(g) (return of property);
- The Court's inherent and equitable authority to order return of unlawfully retained property; and
- The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

These are classic federal question claims sufficient to invoke jurisdiction under 28 U.S.C. § 1331. See *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993) (recognizing federal jurisdiction over Rule 41(g) and equitable return-of-property actions).

///

///

///


Case 5:25-cv-03621-SSS-SP   Document 13   Filed 01/12/26   Page 3 of 5   Page ID #:57

**B. A Civil Action Has Now Been Properly Commenced Under Rule 3**

The OSC noted that, at the time of the initial Rule 41(g) filing, no civil complaint had yet been filed. Plaintiffs have now filed a formal civil complaint, which:

- Commences a civil action under Fed. R. Civ. P. 3;
- Sets forth jurisdictional allegations;
- Pleads substantive causes of action; and
- Requests declaratory and injunctive relief.

This filing directly responds to—and resolves—the Court's concern.

**C. Rule 41(g) Relief Is Properly Before the Court in a Civil Posture**

When no criminal case is pending, a Rule 41(g) motion is treated as a civil equitable proceeding. *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008); *Ramsden*, 2 F.3d at 324.

Here:

- No criminal indictment has been filed;
- Plaintiffs allege ongoing deprivation of non-contraband property;
- Plaintiffs seek equitable relief alongside constitutional claims.

This is precisely the procedural posture in which Ninth Circuit courts exercise civil jurisdiction over return-of-property actions.


3

**D. Sovereign Immunity Does Not Bar This Action**

The United States has waived sovereign immunity for non-monetary relief where plaintiffs seek to restrain unlawful governmental action. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689–91 (1949).

Plaintiffs do not seek damages. They seek:

- Return of property;
- Declaratory relief; and
- Injunctive relief preventing continued unlawful retention.

Such relief falls squarely within the Court's equitable jurisdiction.

**III. DISMISSAL WOULD BE IMPROPER AND UNNECESSARY**

Dismissal for lack of jurisdiction would elevate form over substance and would be inconsistent with Ninth Circuit precedent favoring resolution of return-of-property disputes on the merits where plaintiffs allege ongoing constitutional and equitable harm.

Any procedural deficiency that may have existed at the time of the initial Rule 41(g) filing has been fully cured by the filing of the civil complaint. No jurisdictional defect remains.

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Discharge the Order to Show Cause;

2. Confirm that subject matter jurisdiction exists; and

3. Permit this action to proceed on the merits, including Plaintiffs' pending and anticipated requests for equitable relief.

Dated: January 13, 2026

                                            Respectfully Submitted,

                                By: *Michael S. Devereux*
                                            Michael S. Devereux
                                           Attorney for Petitioners
                                               Clayton Sampson
                                                Elisa Sampson