TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-2686
    Facsimile:   (213) 894-6269
    E-mail:   james.dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clayton Sampson et al., <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. 5:25-cv-03621-SSS-SP <br><br> **GOVERNMENT RESPONSE TO JANUARY 6, 2026, ORDER TO SHOW CAUSE** |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney James E. Dochterman, hereby files its Response to the Court's January 6, 2026, Order to Show Cause (the "January 6th OSC"). Therein the Court ordered the parties to "show cause as to how the Court has subject matter jurisdiction over this matter."

//

//

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 13, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section

    /s/
JAMES E. DOCHTERMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ninth Circuit caselaw holds that district courts treat a Fed. R. Crim. P. 41(g) motion as a civil complaint subject to civil procedures (described below). Plaintiff has not complied with applicable civil procedures, and the government is not required to respond to Plaintiff's motion until 60 days after proper service thereof.

## II. LAW AND ARGUMENT

### A. Civil Procedures Apply to a Rule 41(g) Motion and Afford the Government 60 Days to Respond After Proper Service.

It is established caselaw in the Ninth Circuit that a Fed. R. Crim. P. 41(g) motion is treated as a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906-907 (9th Cir. 2003). Indeed, Ninth Circuit cases illustrate that the Federal Rules of Civil Procedure govern all aspects of complaints or motions for return of property filed pursuant to Fed. R. Crim. P. 41(g). *Kardoh v. United States*, 572 F. 3d 697, 702 (9th Cir. 2009) (treating government's opposition to Fed. R. Crim. P. 41(g) motion as a motion for summary judgment pursuant to the Federal Rules of Civil Procedure); *Ibrahim*, 522 F.3d at 1008 (same).

Furthermore, service must be made in accordance with Fed. R. Civil P. Rules 4(i)(1) and 12(a)(2), and the government has 60 days to respond once it is served properly. *See Tucker v. United States*, 2014 WL 7506803, *1 (C.D. Cal. Dec. 15, 2014); *In Re Seizure of $958,921 Worth of LED Televisions*, 2013 WL 3490743 (C.D. Cal. May 30, 2013).

### B. Plaintiff Failed to Comply with Applicable Civil Procedures.

Plaintiff failed to comply with Fed. R. Civil Procedure 4(i)(1) and 12(a)(2). According to Rule 4(i)(1), a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant

United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civil. P. 4(i)(1). Here, rather than complying with the applicable statutes, Plaintiff sent emails to government employees, attaching the complaint (itself filed on December 25, 2025 – a court holiday). Dkt. 1, Complaint; Dkt. 2, Proof of Service. Those employees, including a contractor paralegal, are not designated by the United States attorney to accept electronic service of process for a Rule 41(g) motion. In addition, proper service by registered or certified mail has not been provided to the United States attorney's office or the Attorney General of the United States.

//

//

Rule 12(a)(2) affords the United States 60 days to serve an answer to a complaint, counterclaim, or crossclaim after service on the United States attorney. Fed. R. Civil. P. 12(a)(2). As such, when service is accomplished on the government, the government will have 60 days from the date of service to address Plaintiff's substantive argument and its attendant issues. Accordingly, the government's response herein addresses only the Court's instant inquiry regarding subject matter jurisdiction.

Dated: January 13, 2026                    Respectfully submitted,

                                           TODD BLANCHE
                                           Deputy Attorney General
                                           BILAL A. ESSAYLI
                                           First Assistant United States Attorney
                                           ALEXANDER B. SCHWAB
                                           Assistant United States Attorney
                                           Acting Chief, Criminal Division

                                           _____/s/_____
                                           JAMES E. DOCHTERMAN
                                           Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

"The above-signed counsel of record for the United States of America certifies that this brief contains 916 words, which complies with the word limit of L.R. 11-6.1."