Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 444-0883

Attorneys for Plaintiffs, ELISHA SAMPSON AND CLAYTON SAMPSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ELISHA SAMPSON AND CLAYTON SAMPSON, | CASE NO.:  5:25-cv-03621-SSS-SP |
|---|---|
| Plaintiffs, | PLAINTIFFS' REPLY TO GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I. INTRODUCTION

The government's response to the Court's Order to Show Cause does not dispute the existence of subject matter jurisdiction. Instead, it reframes the OSC as a service and response-timing dispute, which is not the question the Court asked.

The Court ordered the parties to show cause "as to how the Court has subject matter jurisdiction over this matter." The answer is straightforward: Plaintiffs have now filed a civil complaint asserting federal constitutional and equitable claims, thereby invoking federal-question jurisdiction under 28 U.S.C. § 1331. That jurisdiction exists now, regardless of service mechanics or response deadlines.

Accordingly, the OSC should be discharged.

## II. THE GOVERNMENT DOES NOT IDENTIFY ANY JURISDICTIONAL DEFECT

Notably, the government does not argue that:

- Plaintiffs' claims fail to arise under federal law;
- The Court lacks equitable authority to order return of property;
- Sovereign immunity bars the requested relief; or
- Rule 41(g) relief is categorically unavailable in a civil posture.

Instead, the government argues only that (1) civil procedures apply, and (2) it has not yet been properly served and therefore has 60 days to respond on the merits.

Those points—whether right or wrong—do not implicate subject matter jurisdiction.

## III. SERVICE ISSUES DO NOT DEPRIVE THE COURT OF SUBJECT MATTER JURISDICTION

Service of process concerns personal jurisdiction and timing, not subject matter jurisdiction. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

Even assuming arguendo that service must be perfected under Rule 4(i), that would not warrant dismissal for lack of subject matter jurisdiction. At most, it would warrant an order directing proper service—an easily curable procedural step.

Courts routinely reject attempts to bootstrap service disputes into jurisdictional dismissals, particularly where, as here, a federal complaint has been filed and the government has actual notice.

## IV. RULE 41(g)'S CIVIL CHARACTER SUPPORTS—NOT DEFEATS—JURISDICTION

The government correctly notes that a Rule 41(g) motion is treated as a civil proceeding when no criminal case is pending. *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003).

But that principle supports jurisdiction, not dismissal. The Ninth Circuit has long recognized that district courts possess subject matter jurisdiction over civil return-of-property actions invoking Rule 41(g) and equitable relief. *Ramsden v. United States*, 2 F.3d 322, 324–26 (9th Cir. 1993).

That is exactly the posture of this case.

## V. THE GOVERNMENT'S 60-DAY RESPONSE ARGUMENT IS IRRELEVANT TO THE OSC

Whether the government ultimately has 60 days to respond to the complaint under Rule 12(a)(2) is immaterial to the OSC.

The OSC did not ask:

- When the government's merits response is due; or
- Whether service has been perfected.

It asked whether the Court has subject matter jurisdiction. It does.

Nothing in Plaintiffs' position seeks to shorten the government's response time or deprive it of procedural protections. Plaintiffs simply seek confirmation that the case may proceed.

## VI. CONCLUSION

The government's response confirms—rather than undermines—the existence of subject matter jurisdiction. Any service or timing issues are non-jurisdictional and readily curable.

Plaintiffs respectfully request that the Court:

1. Discharge the Order to Show Cause;

2. Confirm that subject matter jurisdiction exists; and

3. Permit the case to proceed in the ordinary course.

Dated: January 13, 2026

Respectfully Submitted,

By: *Michael S. Devereux*
Michael S. Devereux
Attorney for Petitioners
Clayton Sampson
Elisa Sampson