Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 444-0883

Attorneys for Petitioners, ELISHA SAMPSON and CLAYTON SAMPSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISHA SAMPSON AND CLAYTON SAMPSON,<br><br>PETITIONERS,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>RESPONDENT. | CASE NO.:  5:25-cv-03621-SSS-SP<br><br>EX PARTE APPLICATION FOR INTERIM EQUITABLE RELIEF ORDERING FORENSIC IMAGING AND IMMEDIATE RETURN OF SEIZED COMPUTERS; DECLARATIONS |

**I. RELIEF REQUESTED**

Plaintiffs respectfully apply ex parte for a narrow, interim order:

1. Directing the government to complete forensic imaging of Plaintiffs' seized computers within a date certain; and

2. Ordering the immediate return of the physical computers upon completion of imaging, subject to preservation obligations.

Plaintiffs do not seek final adjudication of their Rule 41(g) claims. They seek only temporary, equitable relief to prevent ongoing irreparable harm while preserving the government's evidentiary interests.

1

**II. BASIS FOR EX PARTE RELIEF**

Ex parte relief is appropriate because:

- Plaintiffs are suffering ongoing and irreparable economic harm, including loss of livelihood and insolvency;
- Each additional day without access to the computers exacerbates that harm;
- The relief sought is limited, reversible, and evidence-preserving; and
- Providing notice and awaiting a noticed motion schedule would defeat the purpose of the relief.

Courts routinely grant ex parte equitable relief to prevent immediate economic harm where no prejudice results to the opposing party.

**III. FACTUAL BACKGROUND (SUMMARY)**

1. In May 2025, federal agents seized Plaintiffs' computers and electronic business records.
2. The computers are lawful, non-contraband property essential to Plaintiffs' work and income.
3. Since September 2025, Plaintiffs have repeatedly sought return of the devices.
4. In December 2025, the government represented that business records would be returned but failed to do so.

5. Plaintiffs filed a Rule 41(g) action. This Court has confirmed subject matter jurisdiction and ordered proper service.

6. The government has not claimed that the physical computers themselves are necessary once data is preserved.

7. Plaintiffs have now exhausted savings, borrowed against life insurance, and are unable to generate income.

Declarations from both Plaintiffs are submitted herewith.

## IV. LEGAL STANDARD

When no criminal case is pending, a Rule 41(g) motion is treated as a civil equitable proceeding, and courts balance the equities. *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993).

Ninth Circuit precedent makes clear that the government's evidentiary interests in digital data can be satisfied through forensic imaging, and continued retention of physical devices thereafter is unreasonable. *United States v. Gladding*, 775 F.3d 1149, 1152–53 (9th Cir. 2014); *Comprehensive Drug Testing*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc).

///

///

///

///

3

## V. ARGUMENT

### A. Plaintiffs Face Immediate and Irreparable Harm

Plaintiffs' computers are essential tools of their trade. Without them, Plaintiffs cannot work, generate income, or meet basic living expenses. The harm is ongoing and cannot be remedied by damages.

### B. The Government Suffers No Prejudice from Imaging and Return

The government's interest lies in the data—not the hardware. Forensic imaging fully preserves evidentiary value while eliminating unnecessary hardship. Plaintiffs are willing to comply with reasonable preservation obligations and protective orders.

### C. Continued Open-Ended Retention Is Inequitable

An investigation of indefinite duration cannot justify indefinite deprivation where less restrictive means exist. Rule 41(g) and equitable principles require proportionality.

## VI. NOTICE

Plaintiffs provided notice of this ex parte application to the United States Attorney's Office on February 6, 2026, at approximately 2:30 pm PST, via email and telephone to assigned counsel. Plaintiffs advised that this application would be filed seeking interim relief limited to imaging and return of the computers.

## VII. CONCLUSION

Plaintiffs respectfully request that the Court grant the proposed order submitted herewith.

Dated: February 6, 2026           Respectfully Submitted,

By: *Michael S. Devereux*

Michael S. Devereux
Attorney for Petitioners
Clayton Sampson
Elisa Sampson

MICHAEL DEVEREUX, ESQ.