TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2686
    Facsimile:  (213) 894-6269
    E-mail:  james.dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clayton Sampson et al., | Case No. 5:25-cv-03621-SSS-SP |
| Plaintiff, | GOVERNMENT RESPONSE TO JANUARY 6, 2026, ORDER TO SHOW CAUSE |
| v. | |
| United States of America, | |
| Defendant. | |

Defendant United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney James E. Dochterman (the "government"), hereby files its Response to the Court's February 9, 2026, (In Chambers) Order Requiring Response to Petitioner's Application for Return of Property by February 13 at 12 pm [Dkt. No. 20] (the "February 9th Order").

//

//

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 13, 2026              Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section

  /s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Without admission or waiver of responsive arguments on the merits to Plaintiffs' Ex Parte Application for Interim Equitable Relief Ordering Forensic Imaging and Immediate Return of Seized Computers (the "Application"), the government states the following:

1. On or about February 11, 2026, the government was informed that the Homeland Security Investigations Special Agent responsible for custody of various unspecified seized electronics and documents (the "seized property") had recently returned to California from a temporary out-of-state duty assignment.

2. The government completed its review of the seized property and is prepared to return it to Elisha Sampson and Clayton Sampson (the "Plaintiffs") through their designated counsel, Mr. Devereux.

3. On February 11, 2026, at 10:13 a.m., the government emailed notice to Mr. Devereux and informed him of the above-stated matters and requested his response to coordinate the return. The government also informed Mr. Devereux that the government's instant response would reflect the same position.

//
//
//

Accordingly, Plaintiffs' Application is moot. A decision is unwarranted where the government agreed to return the seized property. In the alternative, the government requests that Plaintiffs again be ordered to conform to procedural requirements for requesting relief pursuant to Rule 41(g) set forth at Fed. R. Civil Procedure 4(i)(1) and 12(a)(2), and the government be afforded its statutorily entitled 60-day period to respond following proper service.[1]

Dated: February 13, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section

　　/s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

"The above-signed counsel of record for the United States of America certifies that this brief contains 573 words, which complies with the word limit of L.R. 11-6.1."

---

[1] *See* Court's Order Discharging OSC at Dkt. 17 (requiring compliance with Fed. R. Civil Procedure 4(i)(1) and 12(a)(2)); *see also* Government's Response to Order to Show Cause at Dkt. 15 (arguing necessity of movant's compliance with civil procedures and government's statutory entitlements).