UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03621-AH-(SPx) | Date | October 5, 2026 |
| Title | *Clayton Sampson et al v. United States of America* | | |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE [JS-6]**

On July 16, 2026, the Court ordered Plaintiffs Clayton Sampson and Elisha Sampson to show cause why this action should not be dismissed for lack of jurisdiction. Dkt. No. 50. Plaintiffs filed a response. Resp., Dkt. No. 51. Defendant United States of America filed a reply. Dkt. No. 52. The Court has reviewed the parties' papers and the relevant law. For the following reasons, the Court dismisses this case.

## I. BACKGROUND[1]

On January 12, 2026, Plaintiffs filed a Complaint alleging that the United States of America, through its agencies and agents, including U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and the Department of Justice, seized and continues to retain Plaintiffs' property. Compl. ¶ 4, Dkt. No. 12.

[1] The following factual allegations are taken from Plaintiffs' Complaint unless otherwise indicated.

On or about May 13, 2025, agents executed a search warrant at Plaintiffs' residence and seized various electronic devices, storage media, and approximately $98,700 in U.S. currency. Compl. ¶ 7. On July 10, 2025, Plaintiffs filed claims to the seized property, including the computers and the currency. *Id.* ¶ 10. After CBP issued its seizure notice and Plaintiffs filed CAFRA claims, DOJ took over the forfeiture timeline for the currency. *Id.* ¶ 12.

Plaintiff alleges the following causes of action: (1) Return of Property (Fed. R. Crim. P. 41(g)); (2) Declaratory and Injunctive Relief; and (3) Violation of Fifth Amendment Due Process. *See generally* Compl.

On June 10, 2026, Plaintiffs filed an *Ex Parte* Application for return of property. The Court denied Plaintiffs' Application on July 16, 2026 and ordered Plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction. Dkt. No. 50.

## II. DISCUSSION

"A district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir. 1987) (collecting cases). Rule 41(g) motions made pre-indictment "are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

Here, however, a grand jury has returned an indictment against Clayton Dean Sampson and Elisha Sampson. *See* Indictment, *U.S. v. Sampson*, No. 2:26-cr-00134-AH (C.D. Cal. Mar. 10, 2026), Dkt. No. 1. Plaintiffs argue that the Court has already found there to be subject matter jurisdiction in its order discharging the January 6, 2026 Order to Show Cause. Dkt. No. 17. The Court's January 6, 2026, Order to Show Cause, however, was issued prior to the indictment. When there is no criminal proceeding pending at the time of the filing of a Rule 41(g) motion and when the Rule 41(g) motion is filed after the conclusion of the criminal case, the court should treat the Rule 41(g) motion as a civil complaint. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Tamer filed his motion for return of property under Federal Rule of Criminal Procedure 41(g). Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil

Procedure.") However, because an indictment has now been returned and the criminal case (with a criminal forfeiture allegation) is currently pending before this Court, the Court lacks jurisdiction over this civil case and therefore dismisses this case without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**